NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JAIME VAZQUEZ,                     :        CIV. NO. 23-22368 (RMB)
                                   :
              Petitioner           :        **OPINION**
                                   :
     v.                            :
                                   :
WARDEN THOMPSON,                   :
                                   :
              Respondent           :

_____

RENÉE MARIE BUMB, Chief United States District Judge

Petitioner Jaime Vazquez, a federal inmate incarcerated at FCI Fort Dix, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), seeking application of First Step Act time credits ("FSA Time Credits") under 18 U.S.C. § 3632(d)(4). (Petition, Dkt. No. 1.) He asserts that the Federal Bureau of Prisons ("BOP") improperly denied him FSA Time Credits under the erroneous belief that he was statutorily ineligible by reason of having an immigration final order of removal. (Pet. ¶15.) Respondent filed an answer seeking dismissal of the petition as moot. (Answer, Dkt. No. 5.) For the reasons set forth below, the Court will dismiss the petition.

## I.    BACKGROUND

The petition, filed on November 15, 2023, alleges that the BOP failed to apply FSA Time Credits toward Petitioner's sentence because he was subject to an

1

expedited final order of removal.  (Petition ¶¶ 13-15.)  Petitioner sought an order compelling the BOP to recognize his eligibility and credit his sentence accordingly. (*Id.*, ¶ 15.)  The BOP issued Change Notice CN-1 to Program Statement 5410.01 ("Change Notice") on February 6, 2023, which removed immigration detainers as a categorical bar to applying FSA Time Credits.[1]  According to the Declaration of Christina Clark ("Clark Decl."), Deputy Regional Counsel with the BOP, Petitioner was reviewed for eligibility and determined to qualify for application FSA Time Credits.  (Clark Decl. ¶ 5, Exhibits 1-4.)  He was granted 365 days of credit, which has been reflected in his sentence computation.  (*Id.*)  His current projected release date is May 22, 2033.  (Clark Decl., Ex. 1 at 2.)

## II.    DISCUSSION

A habeas corpus petition under § 2241 must present a live "case" or "controversy" under Article III of the U.S. Constitution.  A case becomes moot when intervening events eliminate the petitioner's personal stake in the outcome or when the court can no longer provide meaningful relief.  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).  In this case, Petitioner has received the relief he requested.  The BOP applied 365 days of FSA Time Credits to his sentence following a policy change, and Petitioner is now credited accordingly.  (Declaration of Christina Clark and Exhibits 1-4, Dkt. No. 5.)  Because there remains no live dispute or available judicial relief, the Petition is moot.

---

[1] Change Notice available at https://www.bop.gov/policy/progstat/5410.01_cn.pdf (last visited May 20, 2025).

## III.  CONCLUSION

The Petition no longer presents a justiciable controversy. Accordingly, it will

be dismissed.

An appropriate Order follows.

**DATE:** <u>May 23, 2025</u>

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge